UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJINDER HAYER, | No. 2:20-CV-01964 MCE JDP |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| MERCEDES-BENZ USA, LLC, | |
| Defendant. | |

Through this action, Plaintiff Manjinder Hayer ("Plaintiff") seeks redress from Defendant Mercedes-Benz USA, LLC ("Defendant") under California's Song-Beverly Act, Cal. Civ. Code §§ 1790, et seq. The case was originally filed in California Superior Court, County of Yuba, on July 28, 2020. Defendant was served Plaintiff's Summons and Complaint on August 11, 2020, and it filed its Answer in state court on September 10, 2020. On September 30, 2020, Defendant removed the matter here under 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Presently before the Court is Plaintiff's Motion to Remand the case to state court, ECF No. 7, which Defendant timely opposed. ECF No. 9. For the reasons set forth below, Plaintiff's Motion is DENIED.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs (ECF No. 8). E.D. Cal. Local R. 230(g).

1

## STANDARD

There are two bases for original federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states . . . ." Id. § 1332(a)(1). Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. See 28 U.S.C. § 1332(a)(1); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).

When a party brings a case in state court in "which the district courts of the United States have original jurisdiction," the defendant may remove it to the federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. Naffe v. Frey, 789 F.3d 1030, 1040 (9th Cir. 2015). A motion to remand is the proper procedure for challenging removal. Federal courts "strictly construe the removal statute[] and reject federal jurisdiction if there is any doubt as to the right of removal in the first instance." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 550 (9th Cir. 2018) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)) (internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

## ANALYSIS

On November 2, 2018, Plaintiff leased a new 2018 Mercedes-Benz GLE 550E ("subject vehicle"). The subject vehicle purchase came with express warranties from

Defendant to maintain the vehicle or to provide compensation if the vehicle failed in utility or performance. Plaintiff alleges that the subject vehicle was nonetheless delivered "with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty, including, but not limited to, the engine, electrical, and structural systems defects." Compl., ECF No. 1, Ex. A, at 3. Plaintiff thus seeks to revoke acceptance of the sales contract. Compl. at 3. The only issue currently before the Court, however, is whether Defendant's removal of this action was timely.[2]

"The notice of removal of a civil action or proceeding shall be filed <u>within 30 days</u> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C.A. § 1446(b)(1) (emphasis added). This is more complicated when a case's removability is not immediately apparent:

> The statute provides two thirty-day windows during which a case may be removed — during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b).

Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 692 (9th Cir. 2005). If it is unclear from the initial complaint that a case is removable, this is an "indeterminate pleading" scenario. Id. at 693 (quotation mark omitted).

In Harris, the Ninth Circuit Court of Appeals addressed several lingering questions as to removal and indeterminate pleading:

> We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion,

---

[2] The parties agree that diversity jurisdiction exists. Based on the record before the Court, it agrees as well.

order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Id.* at 694 (citing 28 U.S.C. § 1446(b)).

The Harris court refused to place the burden of investigation on the removing defendant, regardless of the "defendant's knowledge, constructive or otherwise." Id. at 690-91 (citing sister circuits in accord); see id. at 693 (observing that "every circuit court to consider the question has rejected the duty to investigate approach"); id. at 694 (holding that if this was reversed, "defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days of receiving the initial pleading."). Thus, the pleading must affirmatively and facially reveal facts necessary for federal court jurisdiction in order to begin the thirty-day window. See id. at 695; see also Rea v. Michaels Stores Inc., 742 F.3d 1234, 1237-38 (9th Cir. 2014); cf. Wade v. Burns, 803 F. App'x 433, 435 (2d Cir. 2020) (rejecting removal on timeliness grounds because a federal question was apparent from the face of the complaint).

Here, it is undisputed that Defendant was initially served on August 11, 2020, with a summons and a copy of the Complaint. Also undisputed is that Defendant filed its Notice of Removal on September 30, 2020. Plaintiff's motion is based on the theory that the thirty-day removal window began running from August 11 – the date of receipt – and therefore expired on September 10, 2020. Plaintiff insists that the amount in controversy was "easily ascertainable" from the initial Complaint, as Defendant could have looked up the vehicle identification number (VIN) and discovered the subject vehicle's selling price. Further, the Prayer for Relief recognizes a potential civil penalty up to two times actual damages.

Defendant argues, on the other hand, that the thirty-day window did not begin to run until August 31, 2020, when "counsel for Defendant received a copy of the Lease Agreement from the leasing dealership, Mercedes-Benz of Rocklin, which is at central issue to this Complaint, which provided the lease contract amount." Opp'n at 1; see also Opp'n at 3 ("Plaintiff conveniently failed to sufficiently plead the total consideration under

4

the Lease Agreement."). Because Mercedes-Benz of Rocklin is "independently owned and operated," Defendant claims that they must request these records. Opp'n at 1-2.[3] "Thus, August 31, 2020 was the first day that Defendant was able to intelligently ascertain removability of the instant matter . . . ." Opp'n at 1. Defendant avers that the lease agreement allowed it to determine that the amount in controversy would exceed $75,000: (1) $53,696.84 from the agreement, including down payment and monthly payments; plus (2) incidental and consequential damages, actual attorney's fees, court costs, civil penalties, and any additional relief this Court deems proper. According to Defendant, knowing the VIN of the subject vehicle was insufficient because Plaintiff merely leased the vehicle instead of purchasing it, so the total consideration was not immediately apparent.

This Court finds that Defendant's receipt of the lease agreement began the thirty-day window for purposes of 28 U.S.C. § 1446(b). The lease agreement was an "other paper" that allowed Defendant to intelligently determine the amount in controversy, and thus grant federal jurisdiction under 28 U.S.C. § 1332. See § 1446(b)(3). This Circuit has clearly held that the burden is not on a defendant – even one armed with subjective or constructive knowledge – when the four corners of the complaint do not sufficiently provide grounds for removability. See Harris, 425 F.3d at 691-95 (9th Cir. 2005). Therefore, Defendant's thirty-day window for removal started August 31, 2020, and its Notice of Removal was timely.

This determination is supported by the email evidence on record, which demonstrates that Defendant did not have immediate access to the lease agreement, but rather needed to obtain it from the independent dealership. See Removal, Ex. D. Defendant also correctly notes that access to the purchase price of the subject vehicle

---

[3] Plaintiff insists that Defendant "at all times had 'possession' of the lease," and merely looking at the lease at a later date does not change the removability timeline. This argument is apparently based on the theory that if a local dealership possessed the lease, knowledge of the information therein should be attributed to Defendant. Given that the local dealership is an "independent third-party," the Court finds that Defendant thus did not possess the lease agreement until it was actually received. Opp'n at 4.

was insufficient to determine the amount of controversy, as Plaintiff leased the subject vehicle.  Opp'n at 3-4.  While Defendant perhaps could have made inferences to find an amount in controversy in excess of $75,000, this Circuit has refused to endorse a district court's "post-hoc consideration of whether there was a 'clue' in the initial pleading and whether the defendant exercised due diligence to discover the grounds for removability."  Harris, 425 F.3d at 697.

Finally, Plaintiff accurately observes that "removal statutes are strictly construed against removal in the Ninth Circuit."  Remand at 3 (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).  However, the Harris Court addressed this directly, still finding that a defendant's removal deadline does not begin until jurisdictional facts supporting removal are evident: "[W]e are not unmindful of the canon that instructs that removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."  425 F.3d at 698.  This decision thus comports with this Circuit's strict construction of removal statutes.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Remand (ECF No. 7) is DENIED;
2.  All other pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  March 3, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE